■ In the Matter of the COUNTY OF NASSAU, Respondent, v STATE BOARD OF EQUALIZATION AND ASSESSMENT, Appellant. — Appeal, by permission, from an order of the Supreme Court at Special Term (Williams, J.), entered November 29, 1982 in Albany County, which, in a proceeding pursuant to CPLR article 78, denied respondent's motion to dismiss the petition. In May, 1981, respondent State Board of Equalization and Assessment (SBEA) fixed the tentative assessed valuation of the special franchise property located within the boundaries of petitioner County of Nassau. A hearing was held on July 2, 1981 at which time petitioner filed a complaint. This hearing was held despite petitioner's requests for an adjournment. Thereafter, petitioner was denied permission to file a supplemental complaint and on October 1, 1981 the final assessments for special franchises in Nassau County were established by the SBEA. Although notice of these final assessments was served on the Nassau County Board of Assessors on or about October 1, 1981, such notice was not transmitted to the Nassau County Attorney until March 24, 1982. On July 22, 1982, petitioner commenced the present CPLR article 78 proceeding seeking to review the special franchise assessments fixed by the SBEA. A motion to dismiss the petition was subsequently made by the SBEA on the grounds that it was barred by time and that petitioner lacked the authority to maintain the proceeding. The SBEA's motion was denied and permission to appeal to this court was granted. In our view, the decision of the Court of Appeals in *City of Mount Vernon v State Bd. of Equalization & Assessment* (44 NY2d 960) is controlling in the present case. The court therein held that neither article 7 of the Real Property Tax Law nor any other statute authorizes a municipality to seek judicial review of a special franchise assessment made by the SBEA (*id.,* at p 962). Although the municipality in that case did not appear at the hearing

before the SBEA, we are of the opinion that such failure to appear was not determinative of the result reached by the court. The court was primarily concerned with the conflicting judicial decisions that could occur if municipalities were allowed to challenge special franchise assessments in court and concluded that once the SBEA made its final assessment such assessment was final as to the municipality (*id.*, at p 963). Accordingly, Special Term erred in denying respondent's motion to dismiss the petition and the order must be reversed. Order reversed, on the law, and respondent's motion to dismiss the petition granted, without costs. Sweeney, J. P., Kane, Main, Casey and Weiss, JJ., concur.